420

625 A.2d 676

Edward Antonio DEPTULA and Dolores Deptula,

v.

OWENS–CORNING FIBERGLAS CO., Celotex Corporation, Nicolet Industries, Inc., H.K. Porter Company, Inc., Keene Corporation, Raymark, Inc., Pittsburgh Corning Corporation, GAF Corporation, Southern Asbestos Company, Fibreboard Corporation, Eagle–Picher Industries, Inc., Turner & Newall, Ltd., Pacor, 48 Insulation and Owens–Illinois, Inc. (a/k/a Owens–Illinois Glass Company).

Appeal of KEENE CORPORATION.

Edward Anthony DEPTULA and Dolores Deptula,

v.

OWENS–CORNING FIBERGLAS CO., Celotex Corp., Nicolet Industries, Inc., H.K. Porter Co., Inc., Keene Corp., Raymark, Inc., Pittsburgh Corning Corporation, GAF Corporation, Southern Asbestos Company, Fibreboard Corp., Eagle–Picher Industries, Inc., Turner & Newell, Ltd., Pacor, 48 Insulation, and Owens–Illinois, Inc. (a/k/a Owens–Illinois Glass Company).

Appeal of KEENE CORPORATION.

Superior Court of Pennsylvania.

Argued March 4, 1993.

Filed May 20, 1993.

Carol L. Widemon, Philadelphia, for Keene, appellant.

Dolores M. Troiani, Jenkintown, for Deptula, appellees.

Before CAVANAUGH, BECK and HUDOCK, JJ.

BECK, Judge:

Appellees Edward and Dolores Deptula sued appellant Keene Corporation and numerous other defendants for injuries allegedly suffered by Mr. Deptula as a result of his exposure to asbestos containing products manufactured by defendants. The matter went to trial on October 9, 1991. The trial was reverse bifurcated, with trial of medical causa-

tion and damages issues preceding trial of liability issues. Initially represented at trial were defendants Owens–Corning Fiberglas Corporation, Pittsburgh Corning Corporation, Fibreboard Corporation, Owens–Illinois, Inc. and appellant Keene. All defendants except Keene settled prior to the return of the jury's verdict in the first phase of the trial.

On October 18, 1991, the jury returned a verdict of $321,000 in the medical causation and damages phase of the trial. Trial of the liability phase commenced on October 21, 1991. Only appellant Keene was represented at this phase. Mr. Deptula testified that at various times between 1961 and 1967, he breathed asbestos dust generated by Thermasil, Thermabestos, Ruberoid, Unibestos, Armstrong and Kaylo pipecovering, Unibestos and Johns–Manville cement, Unibestos and Armstrong block and Flintkote shingles. Plaintiff also read into evidence certain answers to interrogatories submitted by Keene in another matter in which Keene confirmed its manufacture of one of the asbestos containing products Mr. Deptula had identified, namely Thermasil. Appellant Keene submitted similar evidence to the jury in the form of answers to interrogatories provided by settled defendants Armstrong, Pittsburgh Corning, GAF (Ruberoid), Johns–Manville, Owens–Corning Fiberglas and Owens–Illinois. These answers contained admissions regarding the manufacture of asbestos containing products to which Mr. Deptula had testified he had been exposed.

Prior to submission of the matter to the jury appellant requested that the names of the settled defendants, against whom appellant had cross-claimed, be submitted to the jury to enable the jury to determine whether plaintiff's exposure to their asbestos containing products constituted a substantial contributing cause of plaintiff's asbestos related disease. Appellant made this request so that if the jury found liability as to both appellant and the settled defendants, the ultimate verdict could be molded to reflect the shares of liability ultimately allocated to the settled defendants, thereby reducing appellant's liability to plaintiff. The trial court refused to submit any defendant to the jury except for appellant itself.

The jury then returned with a finding of liability and, after denial of post-trial motions, the court entered judgment against Keene alone in the full amount of the previously entered damages verdict, plus delay damages.

Appellant filed this timely appeal, alleging error in the refusal of the trial court to submit the names of the settled defendants to the jury. Several days after the filing of the appeal, but within thirty days of the entry of the initial judgment, the trial court entered an order stating that appellant's cross-claims against the settled defendants were "deferred rather than dismissed". However, the court left intact the judgment against appellant in the full amount of the jury's damages verdict, plus delay damages, from which this appeal is taken.

■ Appellant states the issue presented on appeal as follows:

> Whether or not the trial court committed reversible error and contravened appellant's rights to due process and equal protection of the laws, pursuant to the Pennsylvania Constitution and the Fourteenth Amendment to the United States Constitution, and under the Uniform Contribution Among Tortfeasors Act, in denying appellant's motion to have the jury decide its crossclaims against settled codefendants where the evidence presented by appellant upon its cross-claims was equal or superior to that presented by appellees against appellant, the latter having been held by the lower court to be sufficient to go to the jury?

We agree with appellant and find reversible error in the trial court's entry of final judgment against appellant without first having submitted the issue of the settled defendants' contribution to plaintiff's injuries to the jury.

Although appellant argues at some length that the trial court's error lies in the denial or abridgment of appellant's constitutional rights, we need not address those issues since we reach our conclusion that the trial court erred by a much more direct route. We agree with the trial court's conclusion, evidenced by its July 1st order reinstating appellant's cross-

claims against the settled defendants, that the evidence presented by appellant as to those defendants warranted submission of their names to the jury. Our review of the record reveals that almost exactly the same quantum of evidence was offered by appellant as to the settled defendants as was offered by plaintiff as to appellant, the one non-settled defendant. This quantum of evidence clearly satisfied the standards established in our prior case law. *See Ottavio v. Fibreboard Corp.*, 421 Pa.Super. 284, 617 A.2d 1296 (1992) (en banc); *Ball v. Johns–Manville Corp.*, 425 Pa.Super. 369, 625 A.2d 650 (1993). The trial court clearly rendered an erroneous and inconsistent ruling when it effectively nonsuited the claims against the settled defendants and yet allowed plaintiff's claims against appellant to go to the jury.

Given this conclusion, and the fact that trial of the cross-claims was never severed, clearly no final judgment in this action should have been entered against appellant until all claims had been resolved. Once the jury had determined whether the settled defendants had contributed to plaintiff's injuries, then molding of the verdict in accordance with the jury's findings and entry of appropriate judgment should have followed.

Appellant contends that given this error, it is entitled to a new trial on liability at which a jury would determine both appellant's and the settled defendants' liability. Alternatively, appellant seeks a new trial as to the settled defendants only. We do not concur in appellant's argument that the correct relief to be given to remedy the trial court's error is the reversal of the judgment and an order requiring a complete new trial, as to both appellant's and the settled defendants' liability. There has already been a determination by a jury that appellant contributed to plaintiff's injury. Appellant does not appeal this determination on any ground other than that it should not have been made in the absence of a determination of the responsibility of the settled defendants. The appropriate appellate relief is the vacation of the judgment against appellant and the ordering of a new trial as to the liability of the settled defendants only. Only after this has been accom-

plished can the final verdict be molded and appropriate judgment against appellant entered.

The judgment of the trial court is vacated. A new trial as to appellant's crossclaims against the settled defendants only is ordered. Jurisdiction is relinquished.